UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PEARL H P W LTD** | **CASE NO. 2:20-CV-01429** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DAVID TADLOCK ET AL.** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 15] filed under Federal Rule of Civil Procedure 12(b)(5) by defendants David Tadlock and Tadlock Pipe and Rentals, LLC, in response to the fraud and breach of contract suit brought by plaintiff Pearl HPW Ltd. Plaintiff opposes the motion. Doc. 19.

### I.
### BACKGROUND

This suit arises from an agency relationship between Pearl HPW Ltd, a foreign corporation organized under the laws of Nigeria, and David Tadlock and Tadlock Pipe and Rentals, LLC (collectively, "Tadlock"), for the purchase of a vessel auctioned by the United States Marshals Service as a result of pending litigation in the Lake Charles division of this district. *See* doc. 1. Pearl HPW alleges that, upon learning that the November 2019 auction was limited to in-person participation, it secured the services of Tadlock to appear and bid on its behalf. *Id.* It further alleges that Tadlock purchased the vessel at a high bid of $370,000, but misrepresented the purchase price to Pearl HPW by several hundred thousand dollars in order to increase its own fee. *Id.* Accordingly, Pearl HPW filed suit in

this court on November 5, 2020, raising claims under Louisiana law for fraud, breach of agency agreement, bad faith, and unjust enrichment. *Id.*

At the time it filed suit, Pearl HPW was represented by a law firm based in Lafayette, Louisiana. That firm filed a motion to withdraw on December 28, 2020, citing a breakdown of the attorney-client relationship due to irreconcilable differences. Doc. 6. There it also noted that the only pending deadline was the one for service of the complaint and that Pearl HPW had been advised of same. *Id.* at 2. On January 21, 2021, seventy-seven days after the suit was filed, the magistrate judge conducted a telephone hearing on the motion. Doc. 8. Pearl HPW's counsel attempted to arrange the participation of a Pearl HPW principal in the conference but was unable to do so even after multiple attempts to contact officers at the company. *See id.* The magistrate judge granted the motion, noting in the minutes that Pearl HPW could not proceed pro se because it was a juridical entity and that it risked dismissal of the action for failure to prosecute if it failed to secure counsel. Docs. 8, 9. Emails attached to the minutes of the motion to withdraw show that Pearl HPW was informed of the motion and status conference, and had indicated that it was working to secure other representation. Doc. 8.

On March 29, 2021, 144 days after the complaint was filed, new counsel moved to enroll on behalf of Pearl HPW. Doc. 10. On the same day, new counsel for Pear HPW also filed an ex parte motion for leave to serve the defendants. Doc. 11. The court granted both motions and the summons was reissued. Docs. 12–14. Tadlock states that it was served on April 21, 2021. It appeared for the purpose of filing this motion, in which it argues that the matter should be dismissed under Federal Rule of Civil Procedure 12(b)(5) because it was

2

not served within the 90-day time limit set forth under Rule 4(m). Doc. 15. Pearl HPW opposes the motion, arguing that the delay should be excused because it was caused by its overseas location and difficulties in retaining counsel. Doc. 19. Alternatively, they argue that the court should only quash service rather than dismiss the suit. *Id.*

## II.
## LAW & APPLICATION

Federal Rule of Civil Procedure 4 provides the proper means of service for actions filed in federal court, and Rule 4(m) specifies that a complaint must be served on the opposing party within 90 days of its filing. Absent valid service of process, "proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). Accordingly, Rule 12(b)(5) allows for dismissal of an action based on insufficient service of process. *Luv N' Care, Ltd. v. Groupo Rimar*, 2014 WL 6982499, at *3 (W.D. La. Dec. 9, 2014) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2013)). On such a motion, the serving party bears the burden of proof. *Aetna Bus. Credit*, 635 F.3d at 435.

The district court has broad discretion in determining whether to dismiss an action for insufficient service under Rule 12(b)(5). *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). If the motion relates to plaintiff's failure to effect service within Rule 4(m)'s time limit, the court must extend the time to effect service for good cause shown. *Pugh v. Bank of America*, 2017 WL 1427015, at *1 (E.D. La. Apr. 21, 2017) (citing Fed. R. Civ. P. 4(m)). If there is no good cause shown, the court may at its discretion either

3

dismiss the action without prejudice or grant an extension. *Id.* (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

As Tadlock notes, the order granting Pearl HPW's ex parte motion to allow service cannot excuse the untimeliness under Rule 4(m). That rule requires that an extension be "for a specified time," and the order allowed a blanket extension with no deadline. Additionally, Pearl HPW did not file its motion until after the 90-day window for service had expired. Instead, it is now subject to the good cause standard outlined above and any extension should have been obtained through contradictory motion.

Proof of good cause "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quoting *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir.1985)). The court also normally requires "some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified[.]" *Id.* (internal quotations omitted). Pearl HPW offers nothing in the way of "good cause" other than the "logistics of being in a foreign country" and its difficulty retaining counsel. However, its own allegations show that these logistics did not prevent it from contracting with Tadlock in a short period of time and submitting payment to them overseas. Accordingly, it fails to meet its burden of establishing good cause and the court has discretion to either permit untimely service or dismiss the suit without prejudice.

The next question, then, is whether dismissal is the appropriate sanction. "Where further litigation of a claim will be time-barred, a dismissal without prejudice is no less

4

severe a sanction than a dismissal with prejudice, and the same standard of review is used." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (internal quotation omitted). Such a dismissal is appropriate where (1) "there is a clear record of delay or contumacious conduct by the plaintiff," and (2) lesser sanctions would not prompt diligent prosecution, or the record shows that lesser sanctions have proved to be futile. *Id.* Accordingly, the Fifth Circuit looks for at least one of the following aggravating factors exists: (1) delay caused by plaintiff himself rather than his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry*, 975 F.2d at 1191). This standard has been applied on a motion to dismiss for failure to effect service. *See, e.g.*, *Kidd v. Monroe Transit Sys.*, 2021 WL 537100, at *6 (W.D. La. Jan. 28, 2021), *report and recommendation adopted*, 2021 WL 536136 (W.D. La. Feb. 12, 2021).

      Pearl HPW raises a claim of fraud under Louisiana Civil Code article 1953, which may be subject to the one-year prescriptive period for delictual actions rather than the ten-year period for contractual actions depending on the nature of the duty violated. *See Stone v. Kaefer LLC*, 2020 WL 4498889, at *2–*3 (W.D. La. Aug. 20, 2020) (discussing differences between the two). The parties have not briefed this issue but the court notes that the fraud claim raised here appears delictual in nature, arising from "a general duty owed to all persons" rather than "a special obligation contractually assumed by the obligor." *Trinity Univ. Ins. Co. v. Horton*, 756 So.2d 637, 638 (La. Ct. App. 2d Cir. 2000) (internal quotations omitted). Therefore dismissal is only appropriate if at least one of the aggravating factors above is established.

Tadlock argues that aggravating factors are met because (1) the delay was caused by Pearl HPW and (2) it has been prejudiced by the delay. As for the latter, Tadlock admitted that it was served on April 21, 2021—just two and a half months after the original 90-day window closed on February 3, 2021, and five and a half months after the suit was filed. The Fifth Circuit has found prejudice to defendants based on a seven-month delay between filing and service, when the cause of action accrued two years before the complaint was filed. *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 694–95 (5th Cir. 2008). As it noted, permitting a delay in service when the complaint is filed immediately prior to the running of the statute of limitations "is prejudicial by its very nature" because it "undercuts the purposes served by the statute." *Id.* (internal quotations omitted). Still, the panel acknowledged that this factor presented "a close case on the district court's exercise of discretion." *Id.* Here the delay in service is even shorter and no other circumstances have been presented to show prejudice to the defense, such as its inability to preserve evidence or participate in proceedings involving properly served defendants. Accordingly, this factor alone does not justify dismissal.

As for the former factor, Tadlock argues that the fault lies with Pearl HPW because it failed to heed former counsel's warning of the approaching service deadline. Pearl HPW does not dispute that it received this warning, and yet new counsel failed to enroll or attempt service until several weeks after the deadline had passed. Still, the record indicates that plaintiff was attempting to secure new counsel in this time. *See* doc. 8. Although the court has determined supra that plaintiff's overseas location does not provide good cause for the delay, the undersigned takes notice of the fact that the distance may have

6

complicated Pearl HPW's efforts to locate new counsel to a degree that would reduce Pearl HPW's culpability for the delay and bring it short of the "clear record of delay or contumacious conduct" required by the Fifth Circuit. The two aggravating factors presented do not justify dismissal of the complaint where such dismissal might result in one of the claims being time-barred.

### III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 15] will be **DENIED** and the timeframe for effecting service under Rule 4(m) will be retroactively extended to cure the defective service in April 2021.

**THUS DONE AND SIGNED** in Chambers on this 20th day of July, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**